OWEN, Judge.
Appellant was defendant below and appeals from a money judgment entered against it following a non-jury trial.
The case went to trial on the plaintiff’s second amended complaint which alleged that certain individual defendants were indebted to the plaintiff in the sum of $2,-768.12; that the appellant had agreed to act as an escrow agent to receive payment from the individual defendants in the form of a check for $1,768.12 and a 90-day promissory note for $1,000, both payable to plaintiff, and upon such receipt to deliver same to the plaintiff; and that upon delivering such payment appellant could deliver to the defendants a release of mechanics’ lien which plaintiff had executed and delivered in escrow to appellant.
When the cause came on for trial before the court on due notice appellant was not represented at the trial. The record does not contain a transcript of the proceedings had at the trial but the final judgment recites that the court heard testimony. The final judgment dismissed the individual defendants for lack of jurisdiction and entered judgment in favor of the plaintiff against appellant in the sum of $2,768.12, plus costs.
The second amended complaint does not state a cause of action against appellant either in negligence or for breach of its alleged fiduciary duty to plaintiff. *324 Although the second amended complaint alleged appellant’s fiduciary responsibility once appellant received the check and promissory note from the individual defendants, nowhere is it alleged that appellant had ever received the check and promissory note.
The judgment against appellant is reversed and this cause remanded for further proceedings. Upon remand the trial court shall afford plaintiff a reasonable opportunity to further amend to correct the deficiency noted, and in the event of plaintiff's failure to do so within the time set by the court, the second amended complaint shall be dismissed as against appellant.
Reversed and remanded.
WALDEN and REED, JJ., concur.